IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50313
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLIE LEE FRANKS, JR.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Texas
(A-93-CR-75)
_____

December 16, 1996

Before KING, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Charlie Lee Franks, Jr., federal prisoner # 60588-080, appeals the district court's denial of his motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. He argues his conviction for making his residence available for the purpose of manufacturing cocaine base violates the Double Jeopardy Clause due to prior civil forfeitures proceedings; the district court clearly erred in refusing to grant a reduction for acceptance of responsibility; and his trial counsel was

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

ineffective for failing to seek a downward departure under
§§ 5K2.0 and 5K2.16 of the U.S. Sentencing Guidelines. We have
reviewed the record and the district court's opinion and find no
reversible error concerning these arguments. Accordingly, we
affirm for essentially the reasons adopted by the district court.
United States v. Franks, No. A-95-CV-646 (W.D. Tex. March 25,
1996).

Franks also argued for the first time in his objections to
the magistrate judge's report that his counsel was ineffective in
failing to file a motion to dismiss his indictment on double
jeopardy grounds and in failing to object to the district court's
sentencing of him under § 2D1.1 of the Guidelines, instead of
under § 2D1.8. The district court considered Franks' objections
before making its decision but did not give reasons for rejecting
these allegations of ineffectiveness. Franks' counsel was not
deficient for failing to raise the double jeopardy argument which
was impliedly refuted by Serfass v. United States, 420 U.S. 377,
388 (1977). The district court sentenced Franks under the
version of § 2D1.8 that was in effect when Franks was sentenced;
Franks' counsel was not deficient for failing to raise an
argument that lacks merit. United States v. Wilkes, 20 F.3d 651,
653 (5th Cir. 1994).

AFFIRMED.

2